108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antoine M. MERCADEL, Defendant-Appellant.
 No. 95-30366.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1997.*
Decided Feb. 14, 1997.
 
 1
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 We affirm Antoine M. Mercadel's jury conviction of one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of possession with intent to distribute over two ounces of cocaine base in violation of 21 U.S.C. § 841(a)(1).
 
 
 4
 We reject Mercadel's argument that the government's refusal to grant Reginald Moore immunity violated Mercadel's due process right to a fair trial. Mercadel cannot show, and does not argue, that the government induced Moore to invoke his Fifth Amendment privilege. Mercadel does not allege that any witness testified pursuant to a plea agreement and it is undisputed that the government did not grant immunity to any witness. Even if Mercadel could show that Moore's testimony would be relevant, he cannot show the government's statements during closing argument distorted the fact-finding process.
 
 
 5
 The prosecution's statements during closing argument may have been "hard blows" but they were not "foul blows." See United States v. Gwaltney, 790 F.2d 1378, 1385 (9th Cir.1986). The first statement is supported by the record and merely summarizes part of Moore's testimony. See Supplemental Excerpts of Record 61-66. The second statement is a permissible inference from the testimony--Brewer testified Bunn told her there was someone else in the alley but Nemec testified there was not. The assertion that Moore would not face perjury charges for lying to Brewer, but could face such charges if he lied in court, was accurate. Mercadel was not denied a fair trial.
 
 
 6
 The district court did not abuse its discretion when it denied Mercadel's motion for a new trial. Viewing the evidence in the light most favorable to the government, the evidence presented at trial strongly supported Mercadel's jury conviction. Officer Nemec testified he witnessed the drug transaction and positively identified Mercadel as the seller. Officer Bunn testified that he saw Mercadel with the money and a bag while only a few feet away. He also testified he saw a man throw something under the jeep and less than a minute later identified Mercadel as the man involved. The money and cocaine were found under the jeep by two lay witnesses. Nemec testified that Stephanie Lewis told her she had purchased the cocaine from Mercadel. United States v. Morales, 902 F.2d 604, 608 (7th Cir.1990), does not require this court to grant a new trial; unlike the evidence against Morales, the evidence against Mercadel was substantial and any inconsistencies in the case against him were relatively minor.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3